IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

STEVEN CLARK LEGGETT,                    §
                                         §
              Petitioner,                §
                                         §
VS.                                      §        CIVIL ACTION NO. H-04-0337
                                         §
DOUGLAS DRETKE,                          §
                                         §
              Respondent.                §

## MEMORANDUM AND OPINION

Petitioner, Steven Clark Leggett, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a 2003 state felony conviction for intoxication assault. Respondent filed a motion for summary judgment, (Docket Entry No. 17), with a copy of the state court record. Leggett filed a response. (Docket Entry No. 19). Based on careful consideration of the pleadings; the motion and response; the record; and the applicable law, this court grants respondent's motion and, by separate order, enters final judgment. The reasons are set out below.

## I.    Background

Leggett pleaded guilty to the felony offense of intoxication assault and pleaded true to an enhancement paragraph alleging a prior conviction for driving while intoxicated. On March 6, 2003, the court sentenced Leggett to twelve years of imprisonment. Leggett did not appeal his conviction.[1] Leggett filed an application for state habeas corpus relief on

_____

[1] Although Leggett admits he did not file an appeal, he states that he filed a petition for discretionary review but never received a response. Leggett claims that the district clerk refused to

March 27, 2003, which the Texas Court of Criminal Appeals denied without written order, on findings of the trial court, without a hearing on May 7, 2003.  *Ex parte Leggett*, Application No. 55,770-01 at cover.

On January 27, 2004, this court received Leggett's federal petition.  Leggett contends that his conviction is void for the following reasons:

(1)     His plea was unlawfully induced because trial counsel, Ronald Hayes,  misinformed him that he was charged with the use of a deadly weapon, and Leggett only pleaded guilty because he was afraid of serving aggravated time.

(2)     The grand jury was unconstitutionally empaneled.

(3)     Counsel rendered ineffective assistance by:

  A.     telling Leggett that he was charged with use of a deadly weapon;

  B.     giving the prosecutor favorable information concerning the occupation of Leggett's father;

  C.     waiting five months to file a motion to quash the indictment;

  D.     continuously disparaging Leggett;

  E.     failing to call witnesses concerning Leggett's sobriety; and

  F.     lying about why the prosecutor scratched out an enhancement paragraph.

(4)     The evidence was insufficient to support the conviction.

---

give him any information because he was incarcerated.  (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 3).

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 7-14); (Docket Entry No. 2, Petitioner's Memorandum, pp. 17-26).[2]

Respondent argues that claims 3 and 4 are unexhausted and procedurally barred, and that the remaining claims lack merit. This court analyzes these arguments, with Leggett's responses, below.

## II.    The Applicable Legal Standards

Leggett's petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Subsections 2254(d)(1) and (2) of AEDPA set out the standards of review for questions of fact, questions of law, and mixed questions of fact and law that result in an "adjudication on the merits." An adjudication on the merits "is a term of art that refers to whether a court's disposition of the case is substantive, as opposed to procedural." *Miller v. Johnson,* 200 F.3d 274, 281 (5th Cir. 2000).

The AEDPA provides as follows, in pertinent part:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[2]  The court has carefully reviewed Leggett's pleadings and understands Leggett to raise claims of ineffective assistance and insufficiency of the evidence. In the interest of clarity, the court has identified these claims as claims 3 and 4.

  (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(e)

  (1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

  A state court determination of questions of law and mixed questions of law and fact is reviewed under 28 U.S.C. § 2254(d)(1) and receives deference unless it "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." *Hill v. Johnson,* 210 F.3d 481, 485 (5th Cir. 2000). A state court decision is "contrary to" Supreme Court precedent if: (1) the state court's conclusion is "opposite to that reached by [the Supreme Court] on a question of law" or (2) the "state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and arrives at an opposite result. *Williams v. Taylor,* 120 S. Ct. 1495 (2000). A state court unreasonably applies Supreme Court precedent if: (1) it unreasonably applies the correct legal rule to the facts of a particular case; or (2) it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 1495. In deciding whether a state court's application was unreasonable, this court considers whether the application was "objectively unreasonable." *Id.* at 1495; *Penry v.*

*Johnson,* 215 F.3d 504, 508 (5th Cir. 2000).  Questions of fact found by the state court are "presumed to be correct . . . and [receive] deference . . . unless it 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'"  *Hill,* 210 F.3d at 485 (quoting 28 U.S.C. § 2254(d)(2)).

While, "[a]s a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases," *Clark v. Johnson,* 202 F.3d 760, 764 (5th Cir.), *cert. denied,* 531 U.S. 831 (2000), the rule applies only to the extent that it does not conflict with the habeas rules.  Section 2254(e)(1) -- which mandates that findings of fact made by a state court are "presumed to be correct" -- overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party.  Unless the petitioner can "rebut[ ] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, these findings must be accepted as correct.  *Smith v. Cockrell,* 311 F.3d 661, 668 (5th Cir. 2002).

Leggett is a *pro se* petitioner.  In this circuit, *pro se* habeas petitions are construed liberally and are not held to the same stringent and rigorous standards as pleadings filed by lawyers.  *See Martin v. Maxey,* 98 F.3d 844, 847 n.4 (5th Cir. 1996); *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988); *Woodall v. Foti,* 648 F.2d 268, 271 (5th Cir. Unit A June 1981).  This court accords Leggett's state and federal habeas petitions a broad interpretation. *Bledsue v. Johnson,* 188 F.3d 250, 255 (5th Cir. 1999).

### III.   The Issue of Procedural Bar

Respondent argues that many of Leggett's claims are unexhausted and procedurally barred because he did not raise them in his state application for a writ of habeas corpus or in a petition for discretionary review.  Respondent argues that in his state habeas application, Leggett presented a claim based on an improperly empaneled grand jury and a claim that counsel provided ineffective assistance because he failed to inform Leggett that he faced an aggravated sentence.  (Docket Entry No. 17, Respondent's Motion for Summary Judgment, p. 4).  In his memorandum in support of his federal petition, Leggett complains of several instances of coercion and apathy on the part of his counsel.  Respondent asserts that Leggett did not raise these claims in his state habeas application.  Respondent also argues that Leggett did not present a claim of insufficient evidence in his state habeas application.

Leggett argues that he sent a memorandum with his state habeas application, but it was never filed.  (Docket Entry No. 2, Petitioner's Memorandum, p. 26).  The Texas Court of Criminal Appeals denied the state habeas application on May 7, 2003.  On October 29, 2003, five months after his state application was denied, Leggett wrote a letter to the Texas Court of Criminal Appeals.  The letter included additional allegations concerning counsel's behavior and legal arguments.  *Ex parte Leggett,* Application No. 55,770-01 at "I."  These arguments are similar to those raised in Leggett's memorandum in support of his federal petition.

Prisoners suing under section 2254 are required to exhaust their claims in state court before applying for federal relief.  *See Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999).

Full exhaustion of all claims presented is required before federal habeas corpus relief is available. *Rose v. Lundy,* 455 U.S. 509, 518-22 (1982). The exhaustion requirement is not satisfied if the prisoner presents new legal theories or factual claims in his federal habeas petition. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139 (1998) (citing *Anderson v. Harless*, 459 U.S. 4, 6-7 (1982)).

Leggett argues that because he advised the Texas Court of Criminal Appeals of his additional claims in a letter, these claims are exhausted. In *Wheat v. Johnson*, 238 F.3d 357, 361 (5th Cir. 2001), the court rejected a similar argument. The petitioner, Wheat, argued that he had raised ineffective assistance of counsel claims in his state habeas proceedings, but the state appellate court refused to consider a supplement to his original state writ application. Wheat argued that this supplement included an affidavit from his counsel acknowledging his own ineffective assistance for failing to preserve an issue (related to future dangerousness) for appeal, as well as the court's criticism of counsel for this failure. The district court ruled that "[t]here is simply no authority to support the proposition that a petitioner has a constitutional right to have untimely submitted materials considered on their merits." The district court further noted that infirmities in state habeas proceedings are not proper grounds for federal habeas relief. The Fifth Circuit affirmed. The circuit court rejected Wheat's argument that he "cannot be held responsible for any failure to develop any facts under [§ 2254] . . . since the failure is not his own but rather due to the state habeas court's failure to allow appropriate supplementation of the then-pending writ application." Because Wheat filed the supplemental application late, this argument failed. The court noted that because

7

Wheat made no attempt to argue "cause" for his procedural default on this claim, he was barred from bringing these ineffective assistance of counsel arguments on federal habeas review.

In the present case, Leggett did not send the letter setting out allegations about his counsel until five months after that court denied his petition. Based on the reasoning of *Wheat,* Leggett's claims set out in that letter about his counsel's apathy and coercion, as well as the claim based on sufficiency of the evidence, are unexhausted.

Leggett requests a stay of this case so that he can exhaust his claims in state court. (Docket Entry No. 18). A federal court may deny a habeas application on the merits, "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2) (West 1997). In *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), the Fifth Circuit noted that amended § 2254(b)(2) is permissive ("[a]n application . . . may be denied.").

The Supreme Court has held that a district court may stay a petition containing both exhausted and unexhausted claims to allow the petitioner to present the unexhausted claims to the state court and then to return to federal court. Such a stay is only appropriate when the district court determines that there was good cause for the petitioner's failure to exhaust the claims first in state court. *Rhines v. Weber*, --- U.S. ----, 125 S. Ct. 1528 (2005). The Court added that even if a petitioner had good cause for that failure, the district court would abuse its discretion if it granted a stay when the unexhausted claims were plainly meritless. Under *Rhines*, this court first examines the record to determine whether the claims are patently

8

lacking in merit.  If not, this court will consider whether Leggett had good cause for his failure to exhaust, and finally whether Leggett engaged in intentionally dilatory litigation tactics.

In his third claim for habeas relief, Leggett complains of several instances of improper conduct by his counsel.  As discussed more fully below, these claims do not relate to the voluntariness of Leggett's guilty plea.  As a result, Leggett waived the right to assert these defects.  In his fourth claim, the sufficiency of the evidence, Leggett's guilty plea waived this challenge and this claim lacks merit.

Additionally, respondent argues, and this court agrees, that Leggett did not raise either the third or fourth claim in his state habeas petition.  Leggett is now foreclosed from bringing these claims in a successive habeas petition because of the Texas abuse of the writ doctrine. *Ex parte Carr,* 511 S.W.2d 523, 525-26 (Tex. Crim. App. 1974).  Texas strictly and regularly applied the abuse of the writ doctrine when Leggett filed his habeas petition.  *Emery v. Johnson,* 139 F.3d 191, 195, 201 (5th Cir. 1997); *see also Fearance v. Scott,* 56 F.3d 633, 642 (5th Cir. 1995).  Leggett would be precluded from asserting his unexhausted claims in a successive habeas petition in Texas state court.  Because Leggett's unexhausted claims lack merit and would be barred as successive under Texas law, Leggett cannot satisfy the first *Rhines* factor.

As to the second *Rhines* factor, dilatory tactics, the record shows that Leggett filed his state habeas application on March 27, 2003.  The Texas Court of Criminal Appeals denied

it on May 7, 2003.  Five months later, Leggett sent a letter supplementing his claims to the Texas Court of Criminal Appeals on October 29, 2003.  The delay also weighs against a stay.

As to the third *Rhines* factor, Leggett claims that he moved for an evidentiary hearing, tried to withdraw his plea, and wrote to the judge of the convicting court raising ineffective assistance of his counsel.  (Docket Entry No. 19, Petitioner's Response, p. 2).  None of these steps amount to steps to exhaust his claims in state court or explain his failure to do so. Leggett has not shown good cause for his failure to exhaust available state court remedies.

This court finds that it is not necessary to stay this case and considers all Leggett's claims on the merits.

## IV.    The Claim as to the Voluntariness of the Guilty Plea

Leggett claims that his guilty plea is involuntary because counsel mistakenly advised him that he would be charged with use of a deadly weapon.  (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 7).  Leggett believed that he would be required to serve an aggravated sentence when he decided to plead guilty.

A federal habeas court will uphold a guilty plea if the plea was knowing, voluntary, and intelligent.  *Hobbs v. Blackburn,* 752 F.2d 1079, 1081 (5th Cir.), *cert. denied,* 474 U.S. 838 (1985).  A guilty plea is invalid if the defendant does not understand the nature of the constitutional protection that he is waiving or if he has such an incomplete understanding of the charges against him that his plea cannot stand as an admission of guilt.  *Henderson v. Morgan,* 426 U.S. 637, 645 n.13 (1976).  The critical issue in determining whether a plea was voluntary and intelligent is "whether the defendant understood the nature and substance of

the charges against him, and not necessarily whether he understood their technical legal effect." *Taylor v. Whitley,* 933 F.2d 325, 329 (5th Cir. 1991), *cert. denied,* 503 U.S. 988 (1992). If the record shows that the defendant "understood the charge and its consequences," it is voluntary even if the trial judge failed to explain the offense. *Davis v. Butler,* 825 F.2d 892, 893 (5th Cir. 1987).

The record shows that on March 6, 2003, Leggett appeared in open court and entered a plea of guilty. *Ex parte Leggett,* Application No. 55,770-01 at 25. Leggett signed a two-part document containing the admonishments. The first part, entitled "COURT'S ADMONISHMENTS TO DEFENDANT," listed several separate items. Leggett placed his initials beside five of these admonishments. (*Id*. at 26-27). The document stated the offense – intoxication assault on September 21, 2002 – and the punishment range – two to twenty years confinement in prison and a fine of $10,000. (*Id*. at 26). Leggett also placed his initials by five statements in the second part of the document, entitled "DEFENDANT'S WAIVERS AND STATEMENTS." *Ex parte Leggett,* Application No. 55,770-01 at 27. These statements verified that Leggett had understood the written admonishments of the trial court. (*Id*. at 28). The statements included an assertion that he was mentally competent and that his plea was freely and voluntarily made. By initialing the statements, Leggett acknowledged that he fully understood the consequences of the plea and had consulted with counsel, and that he freely and voluntarily entered his plea in open court, with his counsel's approval. *Ex parte Leggett,* Application No. 55,770-01 at 28. Leggett's signature indicates that he understood the nature of the charge against him and the consequences of his plea.

Leggett also signed a document entitled "WAIVER OF CONSTITUTIONAL RIGHTS, AGREEMENT TO STIPULATE, AND JUDICIAL CONFESSION."  By his signature, Leggett stated that he waived his constitutional right to a trial by jury; to the appearance, confrontation, and cross-examination of witnesses; and his right against self-incrimination. *Ex parte Leggett,* Application No. 55,770-01 at 24.  Leggett attested to the truth of the allegations in the indictment and confessed that he had committed the acts on September 21, 2002. (*Id.* at 25).  Leggett, his attorney, and the prosecutor executed this document.  Leggett's court-appointed defense attorney signed the plea of guilty and a statement that he had fully discussed the plea and its consequences with Leggett and believed that Leggett had entered his plea knowingly and voluntarily.  (*Id.* at 25).

By signing each of the documents and pleading guilty, Leggett made declarations entitled to significant weight.  "Solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998) (quoting *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977)).  The trial court determined that Leggett had entered his plea knowingly and voluntarily after discussing the case with his attorney.  *Ex parte Leggett,* Application No. 55,770-01 at 25.  The documents that make up the record are entitled to a presumption of regularity under 28 U.S.C. § 2254(e), and this court accords evidentiary weight to these instruments. *Carter v. Collins,* 918 F.2d 1198, 1202 n.4 (5th Cir. 1990).

The state habeas court entered the following finding:

> 2.      In a habeas corpus proceeding, there is a presumption of
> regularity concerning guilty pleas which Applicant fails to
> overcome.

*Ex parte Leggett*, Application No. 55,770-01 at 20, Finding #2.  The Texas Court of Criminal

Appeals also denied relief on Leggett's claim for postconviction relief based on the findings

of the trial court.  As a federal court in a habeas proceeding, this court is required to grant a

presumption of correctness to a state court's explicit and implicit findings of fact, if supported

by the record.  *Loyd v. Smith,* 899 F.2d 1416, 1425 (5th Cir. 1990).

Leggett argues that the state habeas court's findings of fact should not be accorded a

presumption of correctness because the state habeas court neither conducted an evidentiary

hearing nor ordered counsel to provide an affidavit.  (Docket Entry No. 19, Petitioner's

Response, pp. 1, 6).  Leggett argues that without proper development of the record, the state

habeas court could not properly evaluate the merits of his claims.  The judge who presided

over Leggett's trial also conducted the state habeas review.   The Fifth Circuit has

"repeatedly found that a paper hearing is sufficient to afford a petitioner a full and fair

hearing on the factual issues underlying his claims, especially where . . . [as here] the trial

court and the state habeas court were one and the same." *Murphy v. Johnson,* 205 F.3d 809,

816 (5th Cir. 2000) (citing *Perillo v. Johnson,* 79 F.3d 441, 446-47 (5th Cir. 1996)).  The

state court's factual findings are entitled to a presumption of correctness under § 2254(d).

Leggett has not satisfied his burden of rebutting these findings of fact with clear and

convincing evidence.  28 U.S.C. § 2254(d)(2).

13

The state court record fairly supports the explicit finding that Leggett's guilty plea was voluntary. The record shows that Leggett voluntarily entered a guilty plea after consulting with counsel. The state court's decision to deny relief was not contrary to clearly established federal law as determined by the Supreme Court of the United States. Leggett's claim for habeas relief based on the involuntariness of his guilty plea lacks merit. 28 U.S.C. § 2254(d)(1).

## V. The Claim of Ineffective Assistance of Counsel

Leggett claims that he did not knowingly and voluntarily enter his guilty plea because he did not receive effective assistance of counsel. Leggett asserts that counsel gave incorrect advice concerning the sentence range he faced if he went to trial and was convicted. In *Hill v. Lockhart,* 474 U.S. 52 (1985), the Supreme Court held that the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668 (1984), applies to cases involving guilty pleas. To prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) his counsel's actions fell below an objective standard of reasonableness; and (2) the ineffective assistance of counsel prejudiced him. *Id.*; *Moawad v. Anderson,* 143 F.3d 942, 946 (5th Cir. 1998). A court may resolve a claim by finding either that counsel rendered reasonably effective assistance or that there was a lack of prejudice. There is no need to reach both components of the inquiry if the defendant makes an insufficient showing on one. *Strickland,* 466 U.S. at 697.

In assessing the reasonableness of counsel's performance, the court must indulge a strong presumption that the performance falls within the "wide range of reasonable

14

professional assistance" and that "the challenged action might be considered sound trial strategy." *Strickland,* 466 U.S. at 689; *Gray v. Lynn,* 6 F.3d 265, 268 (5th Cir. 1993).  If counsel's action is based on well-informed strategic decisions, it is "well within the range of practical choices not to be second-guessed." *Rector v. Johnson,* 120 F.3d 551, 564 (1997) (quoting *Wilkerson v. Collins,* 950 F.2d 1054, 1065 (5th Cir. 1992), *cert. denied,* 509 U.S. 921 (1993)).

In the context of a guilty plea, prejudice is present if there is reasonable probability that absent counsel's errors, the defendant would not have entered a guilty plea and would have insisted on a trial. *United States v. Payne,* 99 F.3d 1273, 1282 (5th Cir. 1996); *Mangum v. Hargett,* 67 F.3d 80 (5th Cir. 1995), *cert. denied,* 516 U.S. 1133 (1996).  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  *Strickland,* 466 U.S. at 694.

Because Leggett pleaded guilty to the offense, the relevant inquiry is whether counsel's performance interfered with Leggett's ability to understand the nature of the charges against him and the consequences of his plea.  Once a guilty plea has been entered, nonjurisdictional defects in the proceedings against the defendant are waived, including all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the voluntariness of the guilty plea.  *Smith v. Estelle,* 711 F.2d 677, 682 (5th Cir.), *cert. denied sub nom. Smith v. McKaskle,* 466 U.S. 906 (1984).

The state habeas court found that Leggett failed to show that trial counsel's conduct fell below an objective standard of reasonableness and that but for counsel's alleged deficient

15

conduct, there is a reasonable probability that the result of the proceeding would have been different. *Ex parte Leggett,* Application No. 55,770-01 at 20, Finding #1. The record supports this finding.

Respondent's summary judgment evidence shows that Leggett stated, in court, in writing that he understood the trial court's admonishments; fully understood the consequences of his guilty plea; and freely and voluntarily pleaded guilty. *Ex parte Leggett*, Application No. 55,770-01 at 28. Leggett also stated, in court, in writing that he had discussed the contents of the court's written admonishments with his attorney and understood them, and he was satisfied with the representation trial counsel had provided.

Leggett was initially charged with driving while intoxicated, a third offense on September 21, 2002. He was subsequently indicted for intoxication assault in December 2002. (Docket Entry No. 2, Petitioner's Memorandum, p. 1). Leggett argues that he was never charged with use of a deadly weapon, so he could not have received an aggravated term.

Leggett asserts that his counsel said that he had been charged with use of a deadly weapon, an automobile, and that if he went to trial, he would receive the maximum sentence of twenty years if the jury made an affirmative finding of a deadly weapon. Counsel tried to persuade Leggett to accept the twelve-year sentence by explaining that he would be eligible for parole after serving only six years. Counsel told Leggett that he would get "twenty years aggravated" if he went to trial. Leggett argues that his lawyer wrongly led him to believe the offense of intoxication assault was an aggravated offense.

The indictment in this case states, in relevant part, as follows:

> The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, STEVEN CLARK LEGGETT, hereafter styled the Defendant, heretofore on or about SEPTEMBER 21, 2002 did then and there unlawfully, by accident and mistake when operating A MOTOR VEHICLE IN A PUBLIC PLACE while intoxicated, namely not having the normal use of his mental and physical faculties by reason of the introduction of ALCOHOL into his body, and by reason of that intoxication, cause serious bodily injury to AHERMES RUBIO hereafter called the Complainant, by DRIVING HIS MOTOR VEHICLE INTO AND CAUSING IT TO COLLIDE WITH  A MOTOR VEHICLE OCCUPIED BY THE COMPLAINANT.

> Before the commission of the offense alleged above, on FEBRUARY 15, 1999, in Cause No. 790826 in the 183RD DISTRICT COURT of HARRIS County, Texas, the Defendant was convicted of the felony of DRIVING WHILE INTOXICATED

*Ex parte Leggett,* Application No. 55,770-01 at 33.

The Texas Court of Criminal Appeals and the intermediate appellate courts have held that an allegation of serious bodily injury or death caused by some act or instrument is sufficient for a deadly weapon finding.  *See, e.g., Ex parte McKithan,* 838 S.W.2d 560, 561 (Tex. Crim. App. 1992) (recognizing that motor vehicle can be deadly weapon in involuntary manslaughter case for purposes of providing notice in indictment).  A motor vehicle that is actually used to cause the death of a human being is a deadly weapon.  *Tyra v. State,* 897 S.W.2d 796, 798 (Tex. Crim. App. 1995).  Under Texas law, the allegation in the indictment that Leggett caused serious bodily injury to Ahermes Rubio by driving his motor vehicle into and causing it to collide with Rubio's vehicle was sufficient to give Leggett notice that the

17

State was seeking a deadly weapon finding.  *Jimenez v. State*, 67 S.W.3d 493 (Tex. App. -- Corpus Christi 2002, pet ref'd).

Counsel advised Leggett that the State was seeking a deadly weapon finding and the possible sentence in the event a jury made an affirmative finding of a deadly weapon.  An affirmative finding regarding the use of a deadly weapon limits a prisoner's eligibility for parole.  *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 3(g)(a)(2) (Vernon Supp. 2004); TEX. GOVT. CODE § 508.145(d) (Vernon 2004); *Tate v. State*, 939 S.W.2d 738, 752-53 (Tex. App. - Houston [14th Dist.] 1997, pet. ref'd).  Section 508.145(d) provides that if the judgment contains an affirmative finding under article 42.12, section 3(g)(a)(2) of the Texas Code of Criminal Procedure, a prisoner is not eligible for release on parole until his actual calendar time served, without consideration of good conduct time, equals one-half of the sentence or thirty calendar years, whichever is less, but in no event is he eligible for release on parole in less than two calendar years.  *See* TEX. GOVT. CODE § 508.145(d).

Counsel advised Leggett that in the event Leggett went to trial, a jury would likely impose the maximum sentence of twenty years and would make an affirmative finding of a deadly weapon.  If so, counsel correctly advised Leggett that he would be required to serve a minimum of ten years before becoming eligible for release on parole.  Leggett's claim that counsel misled him about the possible range of punishment is not supported by the record.

Leggett next complains that counsel coerced him to enter a guilty plea by making "disparaging remarks."  Leggett alleges that in urging him to accept the plea offer, his counsel said:

(1)     "You wouldn't want me on your jury.  I'd love to be the prosecutor in your case in the

punishment phase because it would be so easy to get the maximum of 20 aggravated, but

Adam (Brown, the prosecutor) would do a much better job than I could."

(2)     "There goes your case."  (When a toilet flushed.)

(3)     "There's no doubt in my mind that you will get 20 years aggravated if you go to trial."

(4)     "I didn't have much to do with raising my son but he is an attorney and I thank God

he didn't turn out like you."

(5)     Leggett observed how counsel spoke badly about his other clients.

(6)     Counsel also talked of his own lack of preparedness.

(Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 8).

The Supreme Court has defined a voluntary plea:

> A plea of guilty entered by one fully aware of the direct
> consequences, including the actual value of any commitments
> made to him by the court, prosecutor, or his own counsel, must
> stand unless induced by threats (or promises to discontinue
> improper harassment), misrepresentation (including unfulfilled
> or unfulfillable promises), or perhaps by promises that are by
> their nature improper as having no proper relationship to the
> prosecutor's business (*e.g*., bribes).

*Brady v. United States*, 397 U.S. 742, 755 (1970) (internal quotations omitted) (quoting

*Shelton v. United States*, 246 F.2d 571, 572 n.2 (5th Cir. 1972) (en banc), *rev'd on other*

*grounds*, 356 U.S. 26 (1958)).

In *United States v. Cothran*, 302 F.3d 279, 285-86 (5th Cir. 2002), Cothran alleged

that the general mental strain of the situation and his attorney's heavy-handed advice

19

compromised voluntariness.  According to Cothran, on the day he was scheduled to sign his plea agreement, he changed his mind.  The defense attorney informed the United States and then warned Cothran that "you have made it bad for yourself."  The attorney had earlier told Cothran that his own "opening statement will convict you."  In response to his attorney's admonitions about the consequences of pleading not guilty, Cothran reversed again and decided to plead guilty.  The court found that the plea was voluntary.  The Fifth Circuit explained that even if Cothran's lawyer warned that he would almost certainly lose at trial and face a harsh sentence, these were warnings, not threats.  The Fifth Circuit concluded that Cothran's statements during the plea colloquy should control.

The Fifth Circuit has held that a defense lawyer's stern warnings about the client's chances of success at trial, the potential for prison time, and the lawyer's potential withdrawal do not compromise voluntariness.  *Uresti v. Lynaugh*, 821 F.2d 1099, 1101-02 (5th Cir. 1987) (finding that plea was voluntary when the attorney warned the client that he would be lucky to get 99 years if he went to trial and threatened to withdraw if the client pleaded not guilty); *Jones v. Estelle*, 584 F.2d 687, 689-90 (5th Cir. 1978) (holding that defense counsel's impatience and stern demand for an answer were not enough to make guilty plea involuntary).

Leggett's counsel warned him about the chances of success at trial and the potential for prison time.  These admonitions did not compromise the voluntariness of Leggett's plea.  Counsel advised Leggett about the legal options and discussed the advantages and disadvantages of each.  *Id.*  Counsel reviewed the evidence against Leggett and advised him

to enter a guilty plea. *Ex parte Leggett,* Application No. 55,770-01 at 25.  Counsel's actions were not deficient.

Leggett next asserts that the prosecutor scratched out the enhancement paragraph. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 12).  Leggett contends that he would only receive a ten-year sentence if the enhancement paragraph was omitted.  Leggett told the prosecutor, and the prosecutor said that it would have to be initialed back in.

Texas law provides that intoxication assault is a third-degree offense.  TEX. PENAL CODE § 49.07 (Vernon 2002).  Leggett was previously convicted of driving while intoxicated.  The indictment contained one enhancement paragraph alleging this prior conviction.  If it is shown on the trial of a third-degree felony that the defendant has once before been convicted of a felony, if convicted he is punished for a second-degree felony. TEX. PENAL CODE § 12.42(a)(3) (Vernon 2002).  The punishment range for a second-degree offense was two to twenty years.

A review of the document entitled "WAIVER OF CONSTITUTIONAL RIGHTS, AGREEMENT TO STIPULATE, AND JUDICIAL CONFESSION" shows that the enhancement paragraph was scratched out, then reinstated by having the prosecutor, defense counsel, and Leggett place their initials by the paragraph. *Ex parte Leggett,* Application No. 55,770-01 at 24.  Counsel explained that the paragraph was dropped because Leggett had initially been charged with a third driving while intoxicated offense, which was a third-degree offense.  TEX. PENAL CODE § 49.09(b) (Vernon 2002).  Leggett states that his counsel

lied about the reason the enhancement paragraph was scratched out, but Leggett's conclusory allegations do not entitle him to habeas relief.[3]

Leggett also complains that his counsel provided ineffective assistance by: giving the prosecutor favorable information concerning the occupation of Leggett's father; waiting five months to file a motion to quash the indictment; continuously disparaging Leggett; and failing to call witnesses concerning Leggett's sobriety. These claims do not meet the criteria necessary to overcome waiver or provide a basis for habeas relief on the merits.

Leggett has not satisfied the prejudice prong of *Strickland* based on the deficiencies he alleges in counsel's performance because he has failed to show that there was a reasonable probability that but for the alleged unprofessional errors, Leggett would not have entered a guilty plea. Leggett received a twelve-year prison term when he pleaded guilty. Leggett has not shown that he would have insisted on a trial, which exposed him to a prison sentence of up to twenty years. In the event of a trial, a jury would have learned about Leggett's criminal history, including a prior conviction for driving while intoxicated. The jury would have also heard testimony about the circumstance of the accident and Leggett's behavior and appearance on the day of the accident.

---

[3] In *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983), the Fifth Circuit held that conclusory allegations are an inadequate basis for federal habeas relief, stating that "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Id.*

On habeas review, the state trial court found that Leggett had voluntarily entered his guilty plea. *Ex parte Leggett,* Application No. 55,770-01 at 20, Finding #2. The Texas Court of Criminal Appeals denied habeas relief. The state court's decision to deny relief was not contrary to clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1). Leggett's claim for habeas relief based on the ineffective assistance of counsel is without merit.

## VI.    The Claim of a Void Indictment

Leggett asserts that he is related to the foreman of the jury within the third degree of consanguinity. The grand jury foreman's grandfather was the brother of Leggett's grandmother. Leggett wrote a letter to the grand jury foreman's father about the case. Leggett thought that the foreman might be biased because the families are not on the best of terms. Because of the grand jury foreman's possible bias against Leggett, Leggett argues that the indictment was invalid.

The sufficiency of a state indictment is not a basis for federal habeas relief unless the indictment is so defective that it deprives the state court of jurisdiction. *Yohey v. Collins,* 985 F.2d 222, 228 (5th Cir. 1993). A claim of insufficiency of the indictment provides a basis for federal habeas relief only when the indictment is so defective that under no circumstances could a valid state conviction result from proving the facts alleged. *Morlett v. Lynaugh*, 851 F.2d 1521, 1523 (5th Cir. 1988). Sufficiency is determined by looking to the law of the state that issued the indictment. *Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir. 1985).

Whether a defective state indictment nonetheless confers jurisdiction on a state trial court is a matter of state law. *Lavernia v. Lynaugh,* 845 F.2d 493 (5th Cir. 1988); *Bueno v. Beto,* 458 F.2d 457 (5th Cir.), *cert. denied,* 409 U.S. 884 (1972). A 1985 amendment to the Texas Constitution provides that the "presentment of an indictment or information to a court invests the court with jurisdiction of the cause." Texas Constitution, Art. 5, § 12(b). This amendment applies to all indictments returned after September 1, 1985. *Id.* The Fifth Circuit has held that "due deference must be given to the state court's interpretation of the 1985 amendment, and that alleged defects in an indictment do not deprive the state trial courts of jurisdiction." *McKay v. Collins,* 12 F.3d 66, 68 (5th Cir.), *cert. denied,* 513 U.S. 854 (1994).

The grand jury for the 177th District Court of Harris County, Texas returned the indictment against Leggett on December 10, 2002. *Ex parte Leggett,* Application No. 55,770-01 at 33. The 1985 amendment applies. This court gives deference to the state court's interpretation of the 1985 amendment and concludes that the indictment did not deprive the state trial court of jurisdiction.

Leggett raised his void indictment issue in the state court. The state habeas court found that Leggett failed to allege facts that, if true, would entitle him to relief. *Ex parte Leggett,* Application No. 55,770-01 at 20, Finding #3, #4. The Texas Court of Criminal Appeals denied Leggett's habeas application without a written order, on findings of the trial court without a hearing. *Id.* at cover.

The Fifth Circuit has noted that "the Texas Court of Criminal Appeals in declining to grant relief has necessarily, though not expressly, held that the Texas courts have jurisdiction

24

and that the indictment is sufficient for that purpose." *McKay*, 12 F.3d at 68 (citing *Alexander v. McCotter*, 775 F.2d at 599). Leggett presented his defective indictment claim to the highest state court. *Ex parte Leggett,* Application No. 34,479-11 at 10. That court necessarily found that the trial court had jurisdiction over the case. *McKay,* 12 F.3d at 68. This federal court finds no basis for granting habeas relief on the basis that the indictment was insufficient under Texas law. *Millard v. Lynaugh*, 810 F.2d 1403 (5th Cir.), *cert. denied,* 484 U.S. 838 (1987); *McKay v. Collins*, 12 F.3d at 69. Leggett is not entitled to habeas relief on this claim.

## VII.   The Claim Based on Sufficiency of the Evidence

Leggett asserts that the evidence was insufficient to support the conviction. He makes the following contentions in support of this claim:

- Leggett did not operate a motor vehicle in a public place while intoxicated.

- The police videotape shows that Leggett was not intoxicated.

- Leggett had "ptergiums,"[4] which caused his eyes to appear bloodshot at all times.

- Leggett appeared disoriented because he briefly lost consciousness following a concussion.

- Leggett did not receive a traffic citation following the accident. None of the witnesses thought Leggett was drunk or smelled of alcohol.

---

[4] The court's online research reveals that pterygiums are benign ocular surface growths caused by wind, dust, and ultraviolet light. These growths extend from the conjunctiva and grow onto the cornea in the form of a wing. Patients suffering from this condition often report irritation, redness, tearing, light sensitivity, and dryness.

- Leggett's injuries prevented a fair field test from being performed.

- Leggett refused the breath test because of the problems with the Houston Police Department crime lab.

Leggett's guilty plea was knowing, intelligent, and voluntary.  Leggett waived his right to demand any evidence to sustain his conviction when he entered his plea.  *See United States v. Broce,* 488 U.S. 563, 569 (1989) (holding that "when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary").  A "failure of the Texas state court to require evidence of guilt corroborating a voluntary plea" raises "[n]o federal constitutional issue."  *Smith v. McCotter,* 786 F.2d 697, 702 (5th Cir. 1986) (quoting *Baker v. Estelle*, 715 F.2d 1031, 1036 (5th Cir. 1983)).  The "mandate that sufficient evidence exist from which a rational fact finder could find guilt beyond a reasonable doubt is inapplicable to convictions based on a guilty plea."  *Id*. at 702-03.  Leggett is not entitled to habeas relief on this claim.

To the extent Leggett's claim should be construed as a claim of actual innocence, it is not an independent basis for federal habeas relief.  *E.g., Dowthitt v. Johnson,* 230 F.3d 733, 741 (5th Cir. 2000); *Graham v. Johnson,* 168 F.3d 762, 788 (5th Cir. 1999); *Lucas v. Johnson*, 132 F.3d 1069, 1075 (5th Cir. 1998).

## VIII.  Conclusion

Respondent's Motion for Summary Judgment, (Docket Entry No. 17), is GRANTED.  Leggett's petition for a writ of habeas corpus is DENIED.  This case is DISMISSED.

Leggett's constructive motion for an evidentiary hearing, (Docket Entry No. 4), is DENIED. Leggett's motion to hold in abeyance and stay, (Docket Entry No. 18-1 and 18-2), is DENIED. Leggett's motion to enter proof that a motion to quash indictment was filed, construed as a motion to supplement the record, (Docket Entry No. 22), is GRANTED. Leggett's motion to enter evidence of Leggett's relationship to grand jury foreman, construed as a motion to supplement the record, (Docket Entry No. 23), is GRANTED. Leggett's motion to clarify, (Docket Entry No. 24), is GRANTED. Leggett's motion for an evidentiary hearing, (Docket Entry No. 25), is DENIED as moot. Any remaining pending motions are DENIED as moot.

Under the AEDPA, a petitioner must obtain a certificate of appealability before he can appeal the district court's decision. 28 U.S.C. § 2253(c)(1). This court will grant a COA only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a substantial showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). When the district court has denied a claim on procedural grounds, however, the petitioner must also demonstrate that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* As the Supreme Court made clear in its recent decision in *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003), a COA is "a jurisdictional prerequisite," and "until a COA has been issued federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners." When considering a request for a COA, "[t]he question

27

is the debatability of the underlying constitutional claim, not the resolution of that debate."

*Id.* at 325.

Because Leggett has not made the necessary showing, this court will not issue a COA.

SIGNED on June 14, 2005, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge